## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| AMBER TROESTER, <br><br> Plaintiff, <br><br> v. <br><br> CHS MIDDLE EAST, LLC, <br><br> Defendant. | CIVIL ACTION NO. 1:18-cv-00871 (AJT/JFA) |

## **STIPULATED PROTECTIVE ORDER**

The parties in the above-captioned matter have agreed that these proceedings may involve the discovery and use of confidential, non-public, sensitive, or proprietary business, employment, tax, financial, and personally identifiable information, documents and other materials ("Confidential Information"). Additionally, Plaintiff seeks a copy of a contract between Defendant and the Department of State. As this contract contains highly sensitive information regarding national security and the safety of Defendant's employees, said contract shall be designated "For Attorneys' Eyes Only."

To facilitate the disclosure of Confidential Information during the discovery phase of this matter only, the parties, through their respective attorneys of record, have jointly moved the Court to enter a Stipulated Protective Order ("Protective Order") to protect the confidentiality of Confidential Information that may be produced or disclosed during discovery. The Court, having considered this issue, Orders that:

1. The parties to this litigation may designate as "Confidential" any document or deposition testimony upon making a good faith determination that it contains information protected from disclosure by statute or that should be protected from disclosure as confidential

personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. For purposes of this Protective Order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, and whether produced pursuant to the Federal Rules of Civil Procedure, a subpoena, an agreement or otherwise. The designation of documents shall be made by stamping the document as "Confidential" or "For Attorneys' Eyes Only" on the face of every page containing Confidential Information prior to delivering a copy of same to the opposing party. For deposition testimony, such designation shall be made by identifying specific testimony as "Confidential" on the record at the deposition, or by designating line and page numbers in the transcript after receiving the transcript.

    2.    If any party determines that previously produced documents and/or other materials were inadvertently not designated as "Confidential" or "For Attorneys' Eyes Only" the disclosing party may give written notice to counsel to the other party that such previously produced documents or other materials should be designated and treated as confidential. Upon the provision of such written notice, the previously produced documents or other materials shall be deemed Confidential Information subject to the terms and provisions of this Protective Order. In the event the documents or information were disclosed to a third party prior to receipt of such notice, such disclosure shall not be deemed a violation of this Protective Order.

    3.    Inadvertent disclosure by either of the parties or their respective employees, officers, representatives, agents, and/or attorneys of Confidential Information that falls within the protections of the attorney-client privilege and/or work product doctrine shall not operate to waive any rights or abilities to assert such privilege or privileges with respect to such disclosed documents and/or any other documents or other materials falling within the protection of such

privileges. Once the party receiving such Confidential Information is notified of the assertion of a privilege, the receiving party shall return the privileged items and any copies made of the items, whether in the party's custody or previously disclosed to a third-party, to the disclosing party within five (5) business days of being notified of the assertion of the privilege.

4. All documents and information covered by this Protective Order, including all copies of such documents or information, must be maintained in the office of counsel of record in a secure location, with the exception of documents and/or information provided to the parties to this case or individuals employed to act as experts in this case. Counsel of record and the parties shall take all steps reasonably necessary to see that no person shall use, disclose, or record such Confidential Information for any purpose other than the preparation or conduct of this case. The parties will address the presentation of Confidential Information at trial prior to any such trial.

5. All Confidential Information disclosed pursuant to this Protective Order shall be used solely for the purpose of litigating the present matter, including any appeals or retrials, and not for any other purposes. Under no circumstances shall otherwise protected Confidential Information be disclosed to anyone other than the persons designated below, and such persons shall not disclose such protected information to anyone during or after the termination of this litigation, except pursuant to legal process. In the event legal process, including but not limited to a subpoena, is served covering protected Confidential Information, the party receiving the legal process shall give prompt notice of such legal process to counsel for the party producing the Confidential Information in order to allow counsel for the producing party to interpose an objection, seek a protective order, or seek other judicial relief prior to the return date.

6. Confidential Information shall be held in confidence and revealed only to counsel

of record in this case, including any paralegal and secretarial employees under counsels' direct supervision; the parties to this case; employees of CHS with a need to know, as determined in CHS' discretion; witnesses or potential witnesses in the current litigation; the Court before which this action is pending; court reporters; and such persons as are employed to act as experts in this case. A person who receives Confidential Information pursuant to the terms of this Protective Order shall not share such information with or disclose such information to any other person, including, but not limited to, any other witness or potential witness in this action.

7. Qualified recipients of documents marked "CONFIDENTIAL" shall include only the following: in-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each; the parties to this case; deposition notaries and staff; persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research; and deponents during the course of their depositions or potential witnesses of this case.

8. Prior to the release or disclosure of any Confidential Information to any person listed in paragraphs 6 or 7 (other than paralegal and administrative/secretarial employees and court officials or court reporters), counsel shall ensure that the individual has been apprised of the confidential nature of the material produced and of the existence of this Protective Order, has been provided with a copy of this Protective Order, and understands that the Court has the power to enforce this Protective Order. Furthermore, prior to the release or disclosure of Confidential Information, all individuals listed in paragraphs 6 or 7 (other than paralegal and administrative/secretarial employees and court officials or court reporters) shall sign a copy of the written acknowledgement attached to this Protective Order as Exhibit 1. Counsel for each party shall maintain a file of all original acknowledgements signed by persons to whom

Confidential Information is disclosed.

9. If a party discovers any breach of any provisions of the Protective Order, the party must promptly report the breach to the other Parties. If any confidential documents or information are disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall, upon discovery of the disclosure: conduct a diligent and prompt investigation of the circumstances of the disclosure, including the name and address of the person to whom the disclosure was made; make reasonable efforts to prevent disclosure by any such unauthorized person who receives Confidential Information including, if necessary, obtaining such information and documents back from the unauthorized person; and promptly inform all other counsel of all facts pertinent to the disclosure.

10. The parties may, within seven (7) days after receiving a deposition transcript, designate lines and/or pages of the transcript (and exhibits to depositions) as confidential by providing written notification to all other parties. All deposition testimony shall be deemed Confidential Information until the expiration of the aforementioned seven (7) days. Deposition testimony that is not marked as Confidential Information in accordance with the provisions of this paragraph before the expiration of the aforesaid seven (7) day period shall not be deemed to be Confidential Information subject to the terms and conditions of this Protective Order.

11. With respect to any document or information designated by a party to be confidential and covered by this Protective Order, the other party may object in writing to the designation within fourteen (14) calendar days of receiving notice of the designation. The parties agree to have a telephone conference concerning the matter within five (5) business days of receiving notice of the objection. If the parties are unable to resolve the objections themselves, the party claiming confidentiality must file a motion with the Court (or otherwise

appropriately raise the issue with the Court), within ten (10) business days after the conference, to establish the confidential nature of the information, and the party asserting confidentiality shall retain the burden of proving that the information is entitled to protection as confidential under this Protective Order. The information shall continue to be treated as confidential and subject to the terms and provisions of this Protective Order until the Court renders a decision on the motion and to the extent that the Court's ruling does not remove such protection.

12. Nothing in this Protective Order shall be construed to preclude the parties from: (a) seeking additional protection for any Confidential Information; (b) seeking a modification of this Protective Order; (c) objecting to discovery that it believes to be otherwise improper; (d) objecting to the production or admission of any Confidential Information at any hearing or trial; (e) filing a motion *in limine* to exclude certain evidence; (f) objecting to the disclosure of information otherwise non-disclosable pursuant to Federal or State statute or regulation; or (g) seeking a protective order preventing disclosure or limiting discovery of Confidential Information. Nor shall anything in this Protective Order be construed as a waiver of any applicable privilege or protections afforded by the attorney-client privilege, work product doctrine, or any other applicable privilege or doctrine.

13. Any disclosure of any portion of information protected by this Protective Order shall not waive any of the protections provided by this Protective Order with respect to any other protected information.

14. Upon final termination of this litigation, including any appeals or retrials, each person subject to this Protective Order shall return to the producing party all Confidential Information and any copies thereof within the party's control or the control of those to whom the party has distributed such information. This information must be returned within twenty (20)

business days after final disposition of this matter, and each person must certify in writing to counsel for the producing party that all documents and all copies thereof have been returned. In the alternative, all Confidential Information and all copies thereof can be destroyed on the condition that counsel for the producing party receives a certification in writing from each person to whom Confidential Information was disclosed that all documents and all copies thereof have been destroyed.

SO ORDERED this 10th day of DECEMBER, 2018.

/s/ JFA
John F. Anderson
United States Magistrate Judge

# EXHIBIT 1

## CONFIDENTIAL AGREEMENT

The undersigned, whose assistance or testimony is required in the preparation or trial of the action entitled *Amber Troester v. CHS Middle East, LLC*, has read the annexed Stipulated Protective Order ("Protective Order"), understands its contents, agrees to be bound by the terms of this Protective Order, and hereby undertakes to make no disclosures of confidential information disclosed to him or her. The undersigned understands that violation of this Protective Order is punishable as contempt of Court and the undersigned agrees to submit to the exercise of personal jurisdiction before the U.S. District Court for the Eastern District of Virginia insofar as necessary to enforce this Protective Order.

_____
Name (Print or Type)

_____
Signature

_____
Date

WSACTIVELLP:10206361.4